UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF WISCONSIN

IN RE:

JENNIFER S. SIDDERS,

Debtor.

Case No. 16-20600-gmh

Chapter 13

## STIPULATION RESOLVING THE DEBTOR'S OBJECTION TO WATERSTONE BANK'S MOTION FOR RELIEF

The Debtor, Jennifer S. Sidders, by and through her attorneys, Miller & Miller, by Attorney Deborah A. Stencel, and the Creditor, WaterStone Bank SSB ("WaterStone"), by Attorney Mark C. Vap, agree to resolve the Debtor's Objection in the above-captioned case by stipulation to the following terms and provisions:

Drafted by:
Mark C. Vap
11200 West Plank Court
Wauwatosa, WI 53226
(414) 459-4118 Phone
markvap@wsbonline.com

-1-

1. Commencing in April 2016, the Debtor shall make all regular monthly mortgage payments required pursuant to the mortgage note ("Note") (including required real estate tax escrow payments) and home equity credit agreement ("HELOC") to WaterStone on or before the fifteenth day of each and every month thereafter.

2. The Debtor shall make all payments required to be made to the Trustee pursuant to the terms of the Debtor's Chapter 13 plan.

3. Time is of the essence as to all such payments.

4. In all other respects, the Debtor shall comply with the terms and provisions of the Note and HELOC, including, but not limited to, maintaining insurance on the property.

5. So long as the Debtor is in compliance with terms of this Stipulation, the Automatic Stay imposed by §362(a) of the Bankruptcy Code shall be continued as to WaterStone.

6. **DOOMSDAY PROVISION.** In the event the Debtor fails to comply with the terms or provisions of paragraphs 1 through 5 of this Stipulation at any time between April 1, 2016, and December 1, 2016, the Automatic Stay imposed by § 362(a) of the Bankruptcy Code shall be terminated as to WaterStone upon the occurrence of all of the following: (a) WaterStone filing with the Court an affidavit setting forth the Debtor's default(s) under the terms of this Stipulation; (b) WaterStone filing with the Court a proposed Order Terminating the Automatic Stay; (c) WaterStone promptly mailing to the Debtor, Debtor's counsel, and the Trustee at their last known addresses copies of all items being filed with the Court; and (d) the Court signing the proposed Order Terminating the Automatic Stay. Upon the signing of the proposed Order terminating the Automatic Stay, WaterStone shall be entitled to proceed immediately to pursue its legal and equitable remedies to recover its security and to protect its interest in the Collateral described in the Motion, including, but not limited to, the continuing with its state court foreclosure action.

Dated March 28, 2016.

_____
Deborah A. Stencel
Attorney For Debtor

Dated March 23, 2016.

_____
Mark C. Vap
Attorney For WaterStone Bank SSB

Dated March 23, 2016.

CHAPTER 13 TRUSTEE
Mary B. Grossman

By: _____  ☒ NO OBJECTION
Robert W. Stack

-3-